UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: REGINA B. HEISLER                    CIVIL ACTION

                                            NO.  21-1636

                                            SECTION: "E" (5)

**ORDER AND REASONS**

Before the Court is Appellant Regina Heisler's motion seeking additional time to file an opening appellant's brief.[1] Also before the Court is a motion seeking to "expedite the time for the filing of the Appellee Brief."[2]

On August 13, 2021, the Eastern District of Louisiana Bankruptcy Court entered a Memorandum Opinion and Order in Regina Heisler's Chapter 7 bankruptcy proceeding, Case No. 20-bk-11509, currently pending before Judge Grabill.[3] On August 26, 2021, Regina Heisler and Henry Klein timely filed in the record of the bankruptcy court a joint notice of appeal[4] of the August 13, 2021 Memorandum Opinion and Order.[5] The bankruptcy clerk transmitted the joint notice of appeal to the district court on August 27, 2021,[6] and the appeal was assigned to this Court as Case No. 21-cv-1636.[7] On appeal, Regina Heisler is represented by Darryl Landwehr, and Henry Klein is proceeding pro se.[8]

---

[1] R. Doc. 9.
[2] R. Doc. 11.
[3] *In re Regina B. Heisler*, R. Doc. 402, Case No. 20-bk-11509 (Aug. 13, 2021 Bankr. E.D. La.).
[4] *Id.* at R. Doc. 410.
[5] *Id.* at R. Doc. 402.
[6] *See* R. Doc. 1.
[7] Under Federal Rules of Bankruptcy Procedure 8002 and 8003, an appeal from an order of the bankruptcy court may be taken only by filing a notice of appeal with the bankruptcy clerk within fourteen days after the entry of the order being appealed. Under Federal Rule of Bankruptcy Procedure 8003(d)(1), the bankruptcy clerk must promptly transmit the notice of appeal to the district court.
[8] R. Doc. 1.

Once the bankruptcy record for appeal is compiled and completed, "the bankruptcy court clerk must transmit to the clerk for the court where the appeal is pending either the record or a notice that the record is available electronically."[9] Rule 8010(b)(3) requires that, "[u]pon receiving the record or notice that it is available electronically, the district [court] clerk must enter that information on the docket and promptly notify all parties to the appeal."[10]

Under Federal Rule of Bankruptcy Procedure 8018, the "appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically."[11] The Court has found no Fifth Circuit case directly on point deciding when the thirty-day period for filing an appellant's brief begins to run, the date the bankruptcy court clerk transmits the record to the district court or the date the clerk for the district court notifies all parties to the appeal the record has been transmitted. The Eleventh Circuit Court of Appeals considered Rule 8018's language regarding commencement of the thirty-day period for filing an appellant's brief and held the period begins on the date the district court dockets notice of the transmittal of the bankruptcy record.[12] The Eleventh Circuit's interpretation is consistent with the language of Rule 8018, which treats the transmittal/electronic availability of the record, and the docketing of notice of receipt of same, as two distinct events. Under the plain language of Rule 8018, the Court finds the thirty-day period commences when the district court clerk has notified all parties to the appeal that the record is available electronically pursuant to Rule 8010(b)(3).

---

[9] FED. R. BANKR. P. 8010(b)(1).
[10] FED. R. BANKR. P. 8010(b)(3).
[11] FED. R. BANKR. P. 8018(a)(1).
[12] *In re Tucker*, 665 F. App'x 841, 842 (11th Cir. 2016).

The documents comprising the complete record in Case No. 20-bk-11509 were transmitted from the bankruptcy court to this Court, and were entered on the docket of this Court, on October 6, 2021.[13] On October 7, 2021, the Clerk of Court issued a "Notice of Parties — Bankruptcy Appeals to District Court."[14] Because the Clerk of Court docketed the notice on this Court's docket on October 7, 2021,[15] the thirty-day deadline commenced on October 7, 2021, and ended on November 6, 2021, a Saturday. Accordingly, Regina Heisler and Henry Klein were required to file a brief on or before Monday, November 8, 2021.

On November 8, 2021, Henry Klein, purporting to act on behalf of Regina Heisler, filed a motion[16] for extension of time to file appellant's brief as "an accommodation for Darryl Landwehr," because Mr. Landwehr had recently moved offices and his internet was not yet operable.[17] The Clerk of Court marked the motion as deficient because Klein did not indicate the motion was unopposed, and, did not include a memorandum in support or a notice of submission. The Clerk of Court imposed a deficiency remedy deadline of November 16, 2021. Henry Klein and Darryl Landwehr refiled the motion for extension of time curing the deficiencies on November 15, 2021, and attached the appellant's opening brief.[18] The appellee has not argued the filing date for the cured motion for extension of time does not relate back to November 8, 2021, and the Court finds no support for this position.

---

[13] *See* R. Doc. 4.
[14] *See* R. Doc. 5.
[15] *Id.*
[16] *See* R. Doc. 6.
[17] *Id.* at p. 1.
[18] *See* R. Docs. 9, 9-2, and 9-3.

Rule 8018 requires the appellant to file and serve a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically.[19] Under Rule 9006(b)(1), "when an act is required or allowed to be done at or within a specified period . . . the court for cause shown may . . . order the period enlarged if the request therefor is made before the expiration of the period originally prescribed."[20] Regina Heisler's request for an extension of time was filed before the expiration of the period originally prescribed. In support of her request for an extension of time, Regina Heisler explains Darryl Landwehr moved his practice on October 30, 2021, and his internet and telephone services had been inoperable as a result of the move.[21] The Court concludes Regina Heisler has sufficiently shown cause why the time for her to file her opening brief should be extended, and that an extension of time for the filing of the opening appellant's brief is warranted.

Regina Heisler also filed a motion to expedite, seeking to expedite the time for filing an appellee's brief.[22] The Court has ordered the appellant's brief to be filed in the record this date. Under Rule 8018(a)(2), the appellee's brief is due 30 days thereafter.[23] Regina Heisler argues the briefing schedule should be expedited because the Trustee in her Chapter 7 bankruptcy proceeding filed an adversary proceeding against her daughters, seeking "to take the house where Regina Heisler lives."[24] Regina Heisler also points to the fact that "the Trustee made a demand for paperwork on two sets of Jet Skis and a Boat plus all of Regina Heisler's jewelry."[25] The parties are well-acquainted with the

---

[19] *See* FED. R. BANKR. P. 8018(a)(1).
[20] *See* FED. R. BANKR. P. 9006(b)(1).
[21] *See* R. Doc. 6. Darryl Landwehr filed a reply memorandum (R. Doc. 8) further showing cause why the extension of time was needed.
[22] R. Doc. 11.
[23] FED. R. BANKR. P. 8018(a)(2).
[24] R. Doc. 11-4 at p. 1.
[25] *Id.*

facts of this case and an extensive time for briefing on the motion to expedite is not required. Although counsel for Regina Heisler assumes the motion to expedite is opposed, counsel failed to set the motion for submission. Rather than marking the motion deficient, the Court will set the motion to expedite for submission on **Wednesday, November 24, 2021** and require the appellee to file its opposition to the motion, if any, on or before **Tuesday, November 23, 2021 at 5:00 p.m.**

Accordingly;

**IT IS HEREBY ORDERED** that Regina Heisler's Motion for Extension of Time to File Opening Appellant's Brief[26] is **GRANTED**. Regina Heisler's Opening Appellant's Brief shall be filed on the record.[27]

**IT IS FURTHER ORDERED** that Girod LoanCo, LLC shall file its opposition, if any, to Regina Heisler's Motion to Expedite[28] **by Tuesday, November 23, 2021 at 5:00 p.m.**

**IT IS FURTHER ORDERED** that Henry Klein's appeal of the Bankruptcy Court's August 13, 2021 Memorandum Opinion and Order[29] is **HEREBY DISMISSED WITH PREJUDICE**.[30]

**New Orleans, Louisiana, this 18th day of November, 2021.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[26] R. Doc. 9.
[27] R. Doc. 9-3.
[28] R. Doc. 11
[29] *In re Regina B. Heisler*, R. Doc. 402, Case No. 20-bk-11509 (Aug. 13, 2021 Bankr. E.D. La.).
[30] Henry Klein appears as co-appellant in the Notice of Appeal. *See id*. at R. Doc. 410. The motion for extension of time to file appellant's opening brief was filed only on behalf of the interests of Regina Heisler (*see* R. Doc. 6, 9), and Henry Klein has not filed an appellant's brief. As a result, his appeal is **dismissed with prejudice**.