## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:                                    CIVIL ACTION
REGINA B. HEISLER
                                          NO.  21-1636

                                          SECTION: "E" (5)


### ORDER AND REASONS

This matter is before the Court on review from the U.S. Bankruptcy Court. The chapter 7 Debtor Regina Heisler ("Heisler") appeals the Bankruptcy Court's August 13, 2021 Memorandum Opinion and Order[1] overruling Heisler's objection to the proof of claim filed by Appellee Girod LoanCo, L.L.C. ("Girod"), and allowing Girod's proof of claim to proceed forthwith. Heisler filed an Opening Appellant's Brief on November 18, 2021.[2] Girod filed an Appellee's Brief on December 17, 2021.[3] Heisler filed a reply brief.[4]

The Court, having considered the briefing and the designation of the record below, issues its Order and Reasons **AFFIRMING IN ITS ENTIRETY** the Bankruptcy Court's August 13, 2021 Memorandum Opinion and Order.

### BACKGROUND[5]

On August 27, 2020. Appellant Regina Heisler filed a petition for bankruptcy under chapter 11. On September 28, 2020, the chapter 11 proceeding was converted into a liquidation case under chapter 7. On October 21, 2020, Girod filed a proof of claim in

---

[1] *In re Regina Berglass Heisler*, No. 20-11509 at R. Doc. 402 (Bankr. E.D.La. 2021).
[2] R. Doc. 14.
[3] R. Doc. 17.
[4] R. Doc. 18.
[5] The backgrounds of the state court actions referenced herein are set forth more fully in the bankruptcy court's August 13, 2021 Memorandum Opinion and Order. *See In re Regina Berglass Heisler*, No. 20-11509 at R. Doc. 402 (Bankr. E.D. La. 2021).

the bankruptcy in the amount of $7,869,608.10.[6] Heisler filed an objection to Girod's proof of claim.[7] Girod filed a response to Heisler's objection.[8] On June 23, 2021, the bankruptcy court held a hearing on Heisler's objection to Girod's proof of claim.[9] On July 7, 2021, Girod filed a supplemental brief in opposition to Heisler's objection to the proof of claim.[10] On August 13, 2021, the bankruptcy court issued a written "Memorandum Opinion and Order" determining that an evidentiary hearing was not required to resolve Heisler's objection to Girod's proof of claim, and determining that Heisler's objection should be overruled and Girod's proof of claim allowed in its entirety.[11]

On August 27, 2021, Heisler filed a Notice of Appeal in this Court, notifying the Court of her election to appeal the bankruptcy court's August 13, 2021 Memorandum Opinion and Order.[12] On November 18, 2021, Heisler filed an "Appellant's Opening Brief."[13] On December 17, 2021, Girod filed its Appellee's brief.[14] On January 3, 2021, Heisler filed a reply brief.[15]

Girod's proof of claim is based on eight promissory notes and related agreements. Heisler's objection is lodged with respect to seven of the eight promissory notes. As a result, the Court need not address the eighth promissory note, which is unobjected to and not at issue in this appeal.[16] The seven promissory notes at issue were executed by Appellant Regina Heisler as borrower in favor of First NBC Bank ("FNBC"). Girod

---

[6] *In re Regina Berglass Heisler*, No. 20-11509 at R. Doc. 135-2.
[7] *Id.* at R. Doc. 348.
[8] *Id.* at R. Doc. 369.
[9] *See id.* at R. Doc. 378.
[10] *Id.* at R. Doc. 385.
[11] *Id.* at R. Doc. 402.
[12] R. Doc. 1.
[13] R. Doc. 14.
[14] R. Doc. 17.
[15] R. Doc. 18.
[16] The promissory note which is not at issue in this appeal was executed by Levy Gardens Partner 2007, L.P. as borrower in favor of FNBC, with Appellant Regina Heisler as guarantor.

purchased the notes, collateral, and related agreements from the Federal Deposit Insurance Corporation in its capacity as receiver for FNBC.[17] Effective November 13, 2017, the FDIC assigned and transferred ownership of the promissory notes, collateral, and related agreements to Girod.

Six of the promissory notes at issue were executed by Heisler and were secured by mortgages on immovable property located at 836-844 Baronne Street, New Orleans, Louisiana and immovable property located at 4041 Williams Boulevard, Kenner, Louisiana. These six notes were at issue in an executory process foreclosure action styled *Girod LoanCo, LLC v. Regina B. Heisler, Individually and as Succession Representative/Executrix of the Succession of Frederick P. Heisler*, Case No. 793-014 "D," 24th Judicial District Court, Parish of Jefferson, State of Louisiana. Girod filed a verified petition for foreclosure by executory process, and, on June 21, 2019, the 24th JDC signed an order of seizure and sale in favor of Girod.[18] Heisler did not file an injunction to arrest the seizure and sale or file a suspensive appeal from the order of seizure and sale. The Louisiana Supreme Court denied Heisler's application for supervisory writs on January 20, 2021.[19]

The seventh promissory note at issue was executed by Regina Heisler in favor of FNBC and was secured by funds in a brokerage account owned by Regina Heisler at Charles Schwab & Co., Inc. This promissory note was at issue in a concursus proceeding styled *Charles Schwab & Co. Inc. v. Girod LoanCo, LLC and Regina B. Heisler*, No. 2018-

---

[17] FNBC was closed and liquidated in 2017.

[18] Girod attached a copy of its verified petition for foreclosure by executory process to its supplemental opposition to Heisler's objection to the proof of claim. *See In re Regina Berglass Heisler*, No. 20-11509 at R. Doc. 385-1.

[19] Girod filed a "Notice of Louisiana Supreme Court Writ Applications Denials" in the bankruptcy case and attached copies of the writ application denials by the Louisiana Supreme Court to the notice. *See id.* at R. Doc. 207-1 at p. 2.

4693 "N," Civil District Court, Parish of Orleans, State of Louisiana. On May 11, 2018, Charles Schwab initiated the concursus proceeding to resolve the competing claims between Girod and Regina Heisler over the funds in the Schwab account. Girod claimed the funds by virtue of its status as holder of the promissory note and the perfected security interest in the Schwab account; Heisler claimed the funds by virtue of her ownership of the account. Girod filed a Motion for Summary Judgment in the Concursus Action on April 16, 2019 (the "Girod MSJ"). On June 21, 2019, Judge Julien of the Civil District Court of the Parish of Orleans found that Girod had the superior claim to the funds in the Schwab account and granted Girod's motion for summary judgment.[20] A final judgment to that effect was signed by Judge Julien on September 5, 2019.[21] Heisler did not file an appeal of the CDC's ruling through the Louisiana appellate court system. The Louisiana Supreme Court denied Heisler's application for supervisory writs on January 20, 2021.[22]

Heisler filed a petition within the *Succession of Frederick P. Heisler,* No. 2007-3249 "N", Civil District Court, Parish of Orleans, State of Louisiana, seeking a declaratory judgment that all promissory notes held by Girod are invalid for lack or failure of consideration.[23] Girod filed an exception of lis pendens, arguing that the validity of the promissory notes was already litigated and decided in the executory process foreclosure action in the 24th Judicial District Court for the Parish of Jefferson, and in the concursus action in the Civil District Court for the Parish of Orleans. On January 2, 2020, Judge Julien signed a final judgment granting Girod's exception of lis pendens and dismissing

---

[20] *See In re Regina Berglass Heisler*, No. 20-11509 at R. Doc. 385-3.
[21] Girod attached a copy of this final judgment to its supplemental opposition to Heisler's objection to the proof of claim. *See id.*
[22] *Id.* at R. Doc. 207-1 at p. 1.
[23] Girod attached a copy of Heisler's petition for declaratory judgment to its supplemental opposition to Heisler's objection to the proof of claim. *See id.* at R. Doc. 385-9.

Heisler's petition for declaratory judgment.[24] Heisler did not file an appeal of the judgment signed by Judge Julien. The Louisiana Supreme Court denied Heisler's application for supervisory writs on January 20, 2021.[25]

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1), and in reviewing the findings of a bankruptcy court, a district court acts in an appellate capacity.[26] A party aggrieved by a bankruptcy court's ruling may appeal to the district court.[27] The district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*.[28] "The res judicata effect of a prior judgment is a question of law that we review *de novo*."[29] A factual finding is clearly erroneous when the district court is left with the "definite and firm conviction, in light of the entire record, that a mistake has been made."[30] The district court may correct a factual finding predicated on an erroneous interpretation of law.[31] A bankruptcy court's decision to conduct or refrain from conducting an evidentiary hearing on an objection to a proof of claim is reviewed for abuse of discretion.[32]

---

[24] Girod attached a copy of this judgment to its supplemental opposition to Heisler's objection to the proof of claim. *See id.* at R. Doc. 385-6.

[25] *Id.* at R. Doc. 207-1 at p. 3.

[26] *See Perry v. Dearing*, 345 F.3d 303, 308–09 (5th Cir.2003).

[27] *See* 28 U.S.C. § 158(a).

[28] *In re Green Hills Dev. Co.*, 741 F.3d 651, 654 (5th Cir. 2014); *see also* FED. R. BANKR. P. 8013.

[29] Dotson v. Atl. Specialty Ins. Co., 24 F.4th 999, 1002 (5th Cir. 2022).

[30] *In re MBS Mgmt. Servs., Inc.*, 690 F.3d 352, 354 (5th Cir. 2012) (quoting *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009)).

[31] *See In re Coston*, 991 F.2d 257, 261 (5th Cir. 1993).

[32] *In re Nelson*, 621 B.R. 542, 553 (B.A.P. 1st Cir. 2020).

## LAW AND ANALYSIS

### The bankruptcy court did not abuse its discretion in determining an evidentiary hearing was not necessary to decide the claim objection.

An objection to a proof of claim initiates a contested matter.[33] Federal Rule of Bankruptcy Procedure 9014 sets forth the procedure applicable to contested matters.[34] Rule 9014 requires a contested matter to be resolved after notice and an opportunity to be heard.[35] However, "[t]his does not necessarily mean that the Debtor was entitled to an evidentiary hearing," as there is "[n]othing in the plain language of Bankruptcy Rule 9014 suggests that the hearing on an objection to claim must be an evidentiary hearing."[36] Rule 9014's "concept of notice and a hearing is a flexible one."[37] Moreover, 11 U.S.C. § 102(1)(A) provides that the phrase "after notice and a hearing," "means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances."[38]

Heisler argues the Bankruptcy Court erred in refusing to hold an evidentiary hearing on Girod's proof of claim and Heisler's objection thereto.[39] Heisler argues she has never had her day in court, and that a contested proof of claim "must be contested in a court of law with the litigants presenting evidence."[40] Heisler fails to cite any statutory or jurisprudential authority supporting the proposition that a contested proof of claim may only be resolved after presentation of evidence. Indeed, the above-cited authority

---

[33] *Lundell v. Anchor Constr. Specialists, Inc.* (*In re Lundell*), 223 F.3d 1035, 1039 (9th Cir. 2000) (quoting Fed. R. Bankr. P. 9014 advisory committee notes).
[34] *See* Fed. R. Bankr. P. 9014.
[35] *See id.*
[36] *In re Nelson*, 621 B.R. 542, 560 (B.A.P. 1st Cir. 2020).
[37] *Id.* (quoting *Gonzalez-Ruiz v. Doral Fin. Corp.* (*In re Gonzalez-Ruiz*), 341 B.R. 371, 381 (B.A.P. 1st Cir. 2006)).
[38] 11 U.S.C.A. § 102(1)(A).
[39] R. Doc. 14 at p. 9.
[40] *Id.* at p. 13.

undermines Heisler's contention.

Heisler failed to identify any evidence casting doubt on the validity of Girod's proof of claim, and there were no material factual issues to be resolved in ruling on Heisler's objection. Furthermore, as noted by Girod in its brief, "there were at least four hearings on the Objections, as well as multiple opportunities to submit briefings on the issues."[41] The bankruptcy court did not abuse its considerable discretion when it declined to conduct an evidentiary hearing prior to resolving the contested proof of claim.

**The bankruptcy court did not err in determining Heisler's objection failed to rebut the statutory presumption of validity accorded to Girod's proof of claim.**

In the opening brief and in the reply brief, Heisler does not contest the bankruptcy court's conclusion that Girod met its burden under Federal Rule of Bankruptcy Procedure 3001 to establish prima facie validity of its claim. The Court will briefly pass upon this issue of the prima facie validity of Girod's claim before turning to the issue of Heisler's objection to the claim.

Under Rule 3001, a "proof of claim executed and filed in accordance with [the Federal Rules of Bankruptcy Procedure] shall constitute prima facie evidence of the validity and amount of the claim."[42] Girod's proof of claim meets all the requirements of Federal Rule of Bankruptcy Procedure 3001. Girod's proof of claim was timely filed on October 21, 2020.[43] The proof of claim is a written statement making a demand on the Debtor's estate, is filed on the Official Form 410, and is signed on behalf of Girod by David Silverstein as authorized servicer for Girod. Girod's proof of claim contains copies of the seven promissory notes in issue and copies of the related loan documents, collateral

---

[41] R. Doc. 17 at p. 23.
[42] Fed. R. Bankr. P. 3001(f).
[43] The deadline for filing claims in the chapter 7 case was December 30, 2020.

agreements, and court orders and judgments memorializing the Debtor's obligations to Girod. Girod attached evidence showing that the claimed security interests have been perfected.[44] Indeed, Heisler's objection admits that Heisler signed the promissory notes, collateral agreements, and account control agreements included in Girod's claim.[45]

In *In re Northbelt, LLC*, the United States Bankruptcy Court for the Southern District of Texas aptly explained the burden of a party filing an objection to a proof of claim as follows:

> If an objection to the proof of claim is filed, the objecting party is tasked
>
> with putting forth such evidence sufficient to rebut the presumption of validity and establish that the claim should be disallowed. To successfully rebut the presumption that such claim is allowable as filed, the objecting party must produce evidence that is equal in probative force to that of the proof of claim. As stated by one court in the Fifth Circuit, this means that 'the objecting party [must] produc[e] specific and detailed allegations that place the claim into dispute, by the presentation of legal arguments based upon the contents of the claim and its supporting documents, or by the presentation of pretrial pleadings, such as a motion for summary judgment, in which evidence is presented to bring the validity of the claim into question.'[46]

As mentioned above, Heisler did not present any evidence to rebut the presumption of validity and establish the claim should be disallowed. Instead, Heisler's objection is founded entirely on the argument that Girod's proof of claim is invalid due to a lack or failure of consideration. As explained below, this argument is barred by the doctrine of res judicata. As a result, Heisler has failed to rebut the presumption of validity accorded to Girod's proof of claim.

---

[44] *In re Regina Berglass Heisler*, No. 20-11509 at R. Doc. 135-2.
[45] *See In re Regina Berglass Heisler*, No. 20-11509 at R. Doc. 348, ¶¶ 11, 15.
[46] *In re Northbelt, LLC*, 630 B.R. 228, 245 (Bankr. S.D. Tex. 2020) (quoting *In re High Standard Mfg. Co., Inc.*, No. 15-33794, 2016 WL 5947244, at *3 (Bankr. S.D. Tex. Oct. 13, 2016)).

**The bankruptcy court did not err in determining the arguments presented by Heisler in her objection to Girod's proof of claim are barred by the doctrine of *res judicata.***

At the outset, the Court observes that, in her Opening Brief, Heisler failed to make any serious argument that res judicata does not apply. For the most part, Heisler failed to address the factors applicable to the question of res judicata. Instead, Heisler appears to argue the bankruptcy court's conclusion on the res judicata question was erroneous because there was no evidentiary hearing and no evidentiary record.

The most substantial legal argument Heisler makes in her Opening Brief on the res judicata issue is as follows:

> The order on appeal cites *The Foreclosure Action, The Concursus Action* and *The Dec Action* by name only. In the infirm action at 24th JDC Docket 793-014, the case is still open with Heisler's <u>Notice of Intent to Apply for Writs</u> in limbo because the district judge will not assign a date for taking writs, raising unpleasant issues pursuant to <u>*Caperton v. A.T Massey Coal*</u>. As to the Concursus and Dec Actions, <u>*both*</u> have <u>Declaratory Judgment</u> and <u>Right of Litigious Redemption</u> issues pending. Moreover, compliance with Louisiana CCP Article 1915(B) has not happened. Calling the judgments "Final" doesn't make it so.[47]

Heisler's reply brief is no better. In her reply brief, Heisler reurges the argument that "a res judicata defense must be proven by a preponderance of the evidence at an evidentiary hearing which the bankruptcy court never held."[48] The Court already has decided, above, the bankruptcy court did not abuse its discretion in declining to hold an evidentiary hearing. Further, the Court finds each of Heisler's remaining arguments to lack merit.

The preclusive effect of a state court judgment in a subsequent federal lawsuit is determined by the preclusion law of the state in which the judgment was rendered.[49] At

---

[47] R. Doc. 14 at p. 11 (emphasis in original).
[48] R. Doc. 18 at p. 2.
[49] *See Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *see also Black v. N. Panola Sch. Dist.,* 461 F.3d 584, 588 (5th Cir. 2006) ("To determine the preclusive effect of a state court judgment in a federal action, federal courts must apply the law of the state from which the judgment

issue in this case are (i) the writ of seizure and sale issued by the 24th Judicial District Court for the Parish of Jefferson in favor of Girod in the executory process foreclosure action; (ii) the final judgment issued by the Civil District Court for the Parish of Orleans, in favor of Girod in the concursus action; and (iii) the final judgment issued by the Civil District Court for the Parish of Orleans in favor of Girod in the declaratory judgment action filed within the Succession of Frederick Heisler. All three of the judgments at issue were rendered by Louisiana state courts. Louisiana's preclusion law controls.

Louisiana Revised Statutes § 13:4231 provides as follows:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.[50]

The Louisiana Supreme Court has explained that, under § 13:4231, a second action is precluded on grounds of res judicata when five elements are satisfied:

(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or

---

emerged.").

[50] La. Rev. Stat. § 13:4231.

occurrence that was the subject matter of the first litigation.[51]

With respect to each of the three state court judgments, all five of these elements are met. First, it is undisputed that each judgment is valid. The seizure and sale order in the executory process foreclosure action was signed on June 21, 2019, by the Honorable Scott U. Schlegel, District Judge for the 24th Judicial District Court of Louisiana, and subsequently served on Heisler.[52] The final judgment in the concursus action was entered after Girod filed a motion for summary judgment, which Heisler opposed, and after a hearing wherein the parties participated in oral argument. With respect to the declaratory judgment action, Girod filed an exception of lis pendens based on the fact that the validity of the promissory notes was already litigated in the executory process foreclosure action and in the concursus action, and Heisler opposed Girod's exception of lis pendens.[53] In addition, the court in the declaratory judgment action held a hearing and heard oral argument on Girod's exception of lis pendens. After the hearing, the court entered a "Judgment" in the declaratory judgment action, granting Girod's exception of lis pendens, dismissing Heisler's petition.[54] The judgment was "read, rendered and signed at New Orleans, Louisiana" on January 2, 20202.[55] Accordingly, the judgment entered in the declaratory judgment action is valid.

Second, each judgment is final. Louisiana Code of Civil Procedure article 1841 provides that "[a] judgment that determines the merits in whole or in part is a final judgment."[56] In the executory process foreclosure action, the seizure and sale order is

---

[51] *Chevron U.S.A., Inc. v. State*, 993 So. 2d 187, 194 (La. 2008) (quotations omitted).
[52] *See In re Regina Berglass Heisler*, No. 20-11509 at R. Doc. 385-2.
[53] *See id.* at R. Doc. 385-6.
[54] *Id.*
[55] *Id.*
[56] La. C. Civ. P. art. 1841.

signed by the Court is a final judgment.[57] Under Louisiana law, there are only two avenues for objecting to an executory process proceeding: (1) by filing an injunction to arrest the seizure and sale, or (2) by filing a suspensive appeal from the order of seizure and sale.[58] Plaintiff has failed to avail herself of either of these two avenues. Moreover, Plaintiff sought supervisory writs from the Louisiana Supreme Court with respect to the foreclosure action, and the Louisiana Supreme Court denied the writs. Plaintiff also filed a Petition for Certiorari in the United States Supreme Court, which also was denied. The 24th JDC's seizure and sale order is now final. In the concursus action, the CDC granted LoanCo's motion for summary judgment and signed a "Final Judgment."[59] This was a judgment on the merits in favor of Girod, finding that Girod had the better claim to the Schwab funds, thereby resolving the concursus action in full.[60] In fact, the "Final Judgment" entered in the concursus action expressly states that "this judgment be and the same is hereby identified as a final judgment which adjudicates all outstanding issues in this concursus proceeding."[61] Turning to the declaratory judgment action, a judgment granting an exception of lis pendens is a final appealable judgment, and Heisler did not appeal the judgment.[62] Accordingly, the judgment entered in the declaratory judgment

---

[57] *See Countrywide Home Loans Servicing, LP v. Thomas,* 2012-1304 (La. App. 4 Cir. 3/20/13), 113 So. 3d 355, 358, *writ denied,* 2013-0894 (La. 5/31/13), 118 So. 3d 397 (finding that "Louisiana courts have treated orders of seizure and sale as judgments for res judicata purposes," and collecting cases); *see also Jackson v. Bank of Am., N.A.,* No. CIV.A. 13-5795, 2013 WL 6185037, at *2 (E.D. La. Nov. 26, 2013) (concluding that seizure and sale order obtained via verified petition in executory process foreclosure action was a final judgment for purposes of res judicata).

[58] La. C. Civ. P. art. 2642. *See also Antoine v. Chrysler Fin. Corp.,* 782 So.2d 651, 652 (La. Ct. App.2001).

[59] *See In re Regina Berglass Heisler,* No. 20-11509 at R. Doc. 385-3.

[60] *See id.*

[61] *See id.*

[62] *Nat'l Glass & Glazing, Inc. v. Grimaldi Const., Inc.,* 96-121 (La. App. 5 Cir. 7/30/96), 680 So. 2d 56, 63, *writ denied,* 96-2757 (La. 1/10/97), 685 So. 2d 146 ("The grant of the exception of lis pendens filed by National dismissing Grimaldi's reconventional demand for damages as a result of glass used in the NOMA project is a final appealable judgment which was not timely appealed and is therefore final."); *Norris v. Norris,* 539 So. 2d 1241, 1242 (La. Ct. App. 1988) ("The maintenance of an exception of lis pendens . . . is a final appealable judgment.").

action is now final.

Third, the parties in all of the state court actions are the same parties to this contested matter in the bankruptcy: Regina Heisler and Girod LoanCo, LLC.

Fourth, the no consideration defense[63] Heisler asserts now in her objection to Girod's proof of claim was available to her during the pendency of each of the three state court lawsuits. Each of the three state court suits concerned Girod's enforcement of its rights under the promissory notes and collateral agreements, and Heisler's various and sundry attempts to thwart Girod's efforts, and each state court suit was necessarily filed after Heisler executed the notes. Accordingly, Heisler's no consideration defense was available to her at the time the state court suits were being litigated. In fact, Plaintiff specifically made the no consideration argument in each of the three state court suits.[64]

Finally, Girod's proof of claim and Heisler's objection arise out of the same transaction or occurrence that was the subject of the state court suits. Each state court suit dealt with Girod's right to payment under the promissory notes, and Girod's attempt to enforce its rights in the collateral securing Heisler's obligations under those notes. Similarly, Girod's proof of claim is based upon the promissory notes and related collateral agreements executed by Heisler prior to the filing of her bankruptcy petition,[65] and

---

[63] "The federal doctrine of res judicata bars relitigating any part of the cause of action in question, including all claims and defenses that were actually raised or could have been raised." *Aerojet-Gen. Corp. v. Askew*, 511 F.2d 710, 715 (5th Cir. 1975). The same rule applies with respect to Louisiana's doctrine of res judicata. As explained by the Louisiana Second Circuit Court of Appeal,

> [t]he theory of civilian res judicata is that matters actually litigated and finally adjudged are presumed correct and thus should not be contradicted in a subsequent suit. . . . It is well-settled that the term 'cause of action,' as used in LSA–R.S. 13:4231, is a mistranslation from the French and really refers to the civil concept of cause. . . . 'Cause' is said to be the juridical or material fact which is the basis of the right claimed, or the defense pleaded. It can be likened to 'grounds,' 'theory of recovery,' or the principle upon which a specific demand is grounded.

*Greer v. State*, 616 So. 2d 811, 815 (La. Ct. App. 1993).

[64] *See In re Regina Berglass Heisler*, No. 20-11509 at R. Doc. 385-2 at p. 11; *id.* at R. Doc. 385-4; *id.* at R. Doc. 385-5; *id.* at R. Doc. 385-8.

[65] *See* Girod's proof of claim and addendum, R. Doc. 17-1 at pp. 17–35.

Heisler's objection to Girod's proof of claim is premised on the contention that Heisler did not receive any consideration in exchange for the promissory notes which Girod seeks to enforce. The fifth factor is met.

The bankruptcy court did not err in ruling that the arguments presented in Heisler's claim objection are barred by the doctrine of res judicata. Accordingly, the Court finds that the bankruptcy court correctly held that Heisler's objection should be overruled, and Girod's proof of claim allowed to proceed, in its entirety, forthwith.[66]

## **CONCLUSION**

**IT IS ORDERED** that the bankruptcy court's August 13, 2021 Memorandum Opinion and Order is **AFFIRMED IN ALL RESPECTS.**

**IT IS FURTHER ORDERED** that Appellant Regina Heisler's appeal is **HEREBY DISMISSED WITH PREJUDICE.**

**New Orleans, Louisiana, this 29th day of March, 2022.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[66] Because the Court finds that Heisler's no consideration argument is barred by the doctrine of res judicata, the Court does not address Girod's alternative argument, namely, that Heisler's no consideration argument is barred by the *Rooker-Feldman* doctrine.